## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LESLIE  and JACK MILLER, on behalf
of their minor child, S.M.,

       Plaintiffs,

v.                                      CIV. NO.  05-502 MCA/WPL

BOARD OF EDUCATION OF THE
ALBUQUERQUE PUBLIC SCHOOLS,

       Defendant.

### MEMORANDUM OPINION AND ORDER
### GRANTING IN PART AND DENYING IN PART
### PLAINTIFFS' SECOND MOTION TO COMPEL

Plaintiffs Leslie and Jack Miller filed suit against the Board of Education of the Albuquerque Public Schools (APS), claiming that APS did not provide their child with a free appropriate public education (FAPE) under the Individuals with Disabilities Education Act (IDEA), and also that APS violated Title II of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act of 1973. My Order entered March 13, 2006 summarizes the claims made by the Millers against APS and the relevant law.

The Millers filed a Second Motion to Compel, seeking further discovery from Melissa Stotts and further responses from APS to certain requests for production and requests for admission. [Doc. 43] This Order will grant in part and deny in part the Second Motion to Compel.

*Information Requested from Melissa Stotts:* Melissa Stotts has worked for APS since 1976, and has been the Special Education Reading and Learning Disabilities Coordinator for APS since November of 2004. From 2000 to 2004, in addition to her duties for APS, Ms. Stotts worked privately at her home providing academic language therapy reading instruction to students. During

her deposition, Ms. Stotts refused to provide the names of the parents with whom she worked privately, asserting that the names were confidential. In its Response to the Millers' motion, APS asserts that the information is protected under the Health Insurance Portability Accountability Act of 1996 (HIPAA), and also that the information is not relevant.

I agree with the Millers that the requested information is not protected under HIPAA. Academic language therapy is a teaching strategy or educational intervention. Ms. Stotts is not a health care provider and the instruction that she provided does not qualify as health care. *See* 45 CFR § 160.103. However, I find that the requested information is not relevant or reasonably calculated to lead to the discovery of admissible evidence. As explained in my earlier Order, assuming that the Tenth Circuit follows the Sixth Circuit's decision in *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840 (6th Cir. 2004), the issue in this case is whether APS came to the IEP meeting with an open mind to consider the Millers' concerns and information that they provided regarding their child in developing an IEP. Determining what actions APS took regarding issues raised by other parents, concerning children with other problems, in developing IEPs for these other children, would involve the district court in holding "mini-trials" concerning these other children and other IEP plans. The requested information is too attenuated to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence.

***Request for Production Nos. 16 and 17:*** As narrowed by the parties through the briefing process, the Millers have requested APS to produce documents generated by the APS Special Education Department that were distributed to APS staff or the general public describing Wilson Reading training or the availability of reading instruction by APS staff trained in Wilson Reading. APS objects to producing these documents on the grounds that the documents are not relevant and

that producing them will be unduly burdensome. I agree that the relevance of the requested documents is questionable, but find that limited discovery on this issue is appropriate. I will order APS to produce documents generated by the APS Special Education Department that were distributed to APS staff at the schools that the Millers' child attended for the 2003-2004 and 2004-2005 school years that describe Wilson Reading training or the availability of reading instruction by APS staff trained in Wilson Reading.

     ***Request for Admission Nos. 7, 8, 9 and 10:*** These requests for admission ask APS to admit how many Books on Tape were provided to APS students for the 2002-2003, 2003-2004, 2004-2005 and 2005-2006 school years. My earlier Order stated that "Whether Books on Tape were provided to other students, at other schools, in different school years, after other IEPs were formulated, is not relevant to the provision of Book[s] on Tape to the Millers' child." The Millers have failed to convince me that my prior ruling on this issue was incorrect.

     IT IS THEREFORE ORDERED that the Millers' Second Motion to Compel is granted in part and denied in part. APS shall respond to Request for Production Nos. 16 and 17 by producing documents generated by the APS Special Education Department that were distributed to APS staff at the schools that the Millers' child attended for the 2003-2004 and 2004-2005 school years that describe Wilson Reading training or the availability of reading instruction by APS staff trained in Wilson Reading. The Millers' request for information from Ms. Stotts and for answers to Request for Admission Nos. 7, 8, 9 and 10 is hereby DENIED.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

4